UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARCUS W. BAILEY,<br><br>    Plaintiff,<br><br>v.<br><br>CREDENCE RESOURCE MANAGEMENT, LLC,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 5:19-cv-00073<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MARCUS W. BAILEY ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CREDENCE RESOURCE MANAGEMENT, LLC, ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367 because it arises out of the common nucleus of operative facts of Plaintiff's federal questions claim.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Guadalupe County, Texas, which is located within the Western District of Texas.

5. Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6. Defendant boasts that it "offers third party collection services across pre-collect, primary, secondary, tertiary, quad and warehouse placement categories in healthcare, telecommunication, insurance, utility services, retail and financial services verticals."[1] Defendant regularly collects upon consumers across the country, including those located in the state of Illinois. Defendant is a limited liability company organized under the laws of the state of Nevada with its principal place of business located at 17000 Dallas Parkway, Suite 204, Dallas, Texas 75248-1940.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Several months ago, Plaintiff had a telecommunications subscription with AT&T, Inc. ("AT&T").

10. Due to financial hardship, Plaintiff fell behind on his scheduled payments to AT&T, thus incurring debt ("subject debt").

---

[1] https://credencerm.com/

11. Around late 2018, Defendant began its debt collection campaign by contacting Plaintiff and his parents.

12. Upon receiving Defendant's calls, Defendant disclosed to Plaintiff's parents that Plaintiff owes the subject debt.

13. Due to the nature and frequency of Defendant's calls, Plaintiff's parents demanded that Defendant cease calling them.

14. Nevertheless, Defendant continued to contact Plaintiff's parents despite their unequivocal demands to Defendant asking it to stop calling them.

15. Outraged by Defendant's conduct, Plaintiff demanded that Defendant halt its harassing collection campaign.

16. In response, Defendant threatened Plaintiff with aggressive collection practices to collect upon the subject debt.

17. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

18. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, and increased risk of personal injury resulting from the distraction caused by the never-ending calls.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though full set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2015.[2]

24. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692b(1)(2) & c(b)**

25. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer."

26. More specifically, under §1692b(1), "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer[.]"

27. Furthermore, the FDCPA, pursuant to 15 U.S.C. §1692b(2), prohibits "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt [.]"

28. Additionally, under §1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector

---

[2] https://www.acainternational.org/search#memberdirectory

reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."

29. Finally, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

30. Defendant violated §1692b and c(b) through its continuous communication attempts with Plaintiff's family members.  Defendant's representatives disclosed their employer without an express request. It was also during these calls that Defendant disclosed to Plaintiff's parents that Plaintiff owes the subject debt. Despite learning that it was contacting the wrong individuals, Defendant continued to direct its debt collection efforts towards Plaintiff's parents.

    b.  **Violations of FDCPA §1692d**

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

32. Defendant violated 15 U.S.C. §1692d when it contacted Plaintiff's parents and disclosed that Plaintiff owes the subject debt. Under the FDCPA, debt collectors are strictly prohibited from disclosing to third parties that a consumer owes a debt. Defendant was endeavoring to harass and abuse Plaintiff by disclosing that he owes the subject debt to known third parties in an attempt to coerce payment from Plaintiff so that the calls from Defendant would cease. Moreover, Defendant harassed Plaintiff by threatening to undertake aggressive collection practices after Plaintiff demanded that it cease calling. Any reasonable fact finder will conclude that Defendant's debt collection tactics are abusive to consumers.

    c. **Violations of FDCPA § 1692e**

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Furthermore, Defendant further violated e(10) by continuously contacting third parties and disclosing that Plaintiff purportedly owed the subject debt. By constantly calling third parties associated with Plaintiff, Defendant deceptively represented that it had the legal authority to contact third parties and disclose that Plaintiff owes the subject debt.

    d. **Violations of FDCPA § 1692f**

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff's family in an unfair and unconscionable attempt to force Plaintiff into making a payment so that Defendant's calls would cease.

38. As pled in paragraphs 17 through 19, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MARCUS W. BAILEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

41. Defendant is a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

42. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

   **a. Violations of TDCA § 392.304**

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

44. Defendant violated the TDCA through the implicit misrepresentations made through its numerous calls to Plaintiff's family. Defendant deceptively contacted Plaintiff's family in an attempt to exert outward pressure upon Plaintiff, in hopes that Plaintiff will make a payment. Defendant also misrepresented its ability to lawfully communicate with third parties regarding the subject debt when Defendant constantly contacted Plaintiff's family members and unlawfully disclosed that Plaintiff owes the subject debt.

WHEREFORE, Plaintiff, MARCUS W. BAILEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 28, 2019                                     Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                        s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                            Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                     *Counsel for Plaintiff*
Admitted in the Western District of Texas                   Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.                                    Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                         2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                     Lombard, Illinois 60148
(630) 568-3056 (phone)                                      (630) 581-5858 (phone)
(630) 575-8188 (fax)                                        (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                    thatz@sulaimanlaw.com